UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA JAMES FARMER,

    Plaintiff,

v.                                                                 Case No. 1:20-cv-738
                                                                            Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

# OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his application for disability insurance benefits (DIB) and supplemental security income (SSI).

On March 15, 2018, plaintiff filed applications for DIB and SSI. PageID.47. Plaintiff's alleged disability onset date, as amended, is December 12, 2017. *Id*. Plaintiff listed his disabling conditions as anxiety, bi-polar disorder, depression, and suicidal tendencies. PageID.433. Prior to applying for benefits, plaintiff completed the 12th grade and had past employment as a car wash attendant, parts clerk, and stores laborer (stocker). PageID.54-55, 434. The administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on July 31, 2019. PageID.47-56. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I. LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's applications failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since December 12, 2017, the amended alleged onset date, and that he met the insured status requirements of the Social Security Act through June 30, 2020. PageID.50. At the second step, the ALJ found that plaintiff has the following severe impairments: right lower extremity fracture, status post open reduction/internal fixation (ORIF); obesity; depression; an anxiety disorder; a personality disorder; and a history of alcohol/substance abuse. PageID.50. At the third step, the ALJ found that plaintiff does not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.51.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can lift or carry 50 pounds occasionally and 25 pounds frequently. He can sit, stand and walk for six hours; but requires the ability to change position every 20 to 30 minutes, for three to five minutes at a time. He can occasionally climb ladders, ropes or scaffolds; frequently climb ramps or stairs; and frequently balance, stoop, kneel, crouch and crawl. He can perform simple, routine, competitive work; and work that involves occasional interaction with supervisors, co-workers and the public.

PageID.52. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.54-55.

4

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled light exertional jobs in the national economy.  PageID.55-56.  Specifically, the ALJ found that plaintiff can perform the requirements of occupations such as stock clerk (80,000 jobs), office clerk (70,000 jobs), and administrative support person (15,000 jobs).  PageID.55-56.  Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from December 12, 2017 (the amended alleged disability onset date) through July 31, 2019 (the date of the decision).  PageID.56.

### III.     DISCUSSION

Plaintiff has raised two errors on appeal.

**A.     The ALJ's reasons for finding that the opinion of James Gandy, M.D., Mr. Farmer's treating psychiatrist, is not persuasive because the opinion was not supported by objective evidence and/or not consistent with the other evidence in the record, is not supported by substantial evidence.**

For claims filed on or after March 27, 2017, the regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a).  In these claims, the SSA "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record."  20 C.F.R. § 404.1520c(b).  In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors.  *See* 20 C.F.R. § 404.1520c(c)(1)-(5).

The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency":

5

> Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record.

20 C.F.R. § 404.1520c(b)(2).[1] If the ALJ finds that two or more medical opinions "are both equally well-supported and consistent with the record but are not exactly the same," the ALJ must articulate what factors were most persuasive in differentiating the opinions. 2 C.F.R. § 404.1520c(b)(3) (internal citations omitted).

In addition, the new regulations recognize that "[b]ecause many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record." 20 C.F.R. § 404.1520c(b)(1). Thus, "when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id*. "We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually. *Id*.

---

[1] The regulations explain "supportability" in the following terms: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).

The regulations explain "consistency" in the following terms: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

6

On February 1, 2018, Dr. Gandy wrote a letter opinion (Exh. B2F) which stated: that plaintiff is a patient under his care at Summit Pointe, a community mental health center; that plaintiff's diagnosis is Bipolar Disorder; and that "his clinical course has been complicated and involved multiple hospitalizations." PageID.529. The doctor explained,

> He continues to experience severe residual symptoms. His mood remains severely depressed with persistent intermittent suicidal ideation. He remains functionally impaired with difficulty in maintaining basic activities of daily living. He is compliant with is [sic] current treatment recommendations. I am exploring more intensive treatment options with him including the option of electroconvulsive therapy.

*Id*. The doctor concluded, "I believe that his mental illness renders him incapacitated to manage the normal demand of independent living including employment." *Id*. The record also includes 31 pages of medical records from Summit Pointe dated December 29, 2017, through June 1, 2018 (Exh. B3F). PageID.530-560.

The ALJ addressed Dr. Gandy's opinion in a single sentence:

> I am not persuaded by the mental assessment of treating psychiatrist James Gandy, M.D. (Exhibit B2F) since it is conclusory in nature, not well explained or supported by his treatment records or the other record evidence, and involves an issue reserved to the Commissioner.

PageID.54.

Based on this record, the Court concludes that the ALJ's cursory evaluation of Dr. Gandy's opinion does not meet the articulation requirements under 20 C.F.R. §§ 404.1520c(a), (b), and (c)(1)-(5). In addition, the ALJ has failed to set out a sufficient analysis of the evidence to allow an appellate court to trace the path of her reasoning. *See Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)). Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Dr. Gandy's opinion.

> **B.  While the ALJ found that Mr. Farmer has severe mental impairments, depression; anxiety disorder and a personality disorder, his residual functional capacity assessment does not fully consider the impact of these impairments on functional ability as required by SSR 96-8p.**

Residual functional capacity (RFC) is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments.  20 C.F.R. §§ 404.1545 and 416.945.  The ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity."  *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks and brackets omitted).  As discussed, the ALJ did not meet the articulation requirements in evaluating the opinion of plaintiff's treating psychiatrist, Dr. Gandy.  The present RFC is not supported by substantial evidence, being based, in part, on the ALJ's flawed evaluation of Dr. Gandy's opinion.  Accordingly, on remand, the Commissioner should also re-evaluate plaintiff's RFC.

### IV.  CONCLUSION

Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate the opinion of Dr. Gandy and plaintiff's residual functional capacity.  A judgment consistent with this opinion will be issued forthwith.

Dated:  March 22, 2022                                         /s/ Ray Kent
                                                                             United States Magistrate Judge